Hauptman v. Halsey.

ARTHUR B. HAUPTMAN *v.* GEORGE A. HALSEY.

Under a notice filed to create a lien, pursuant to the act of 1851, claiming that the
work was done under an agreement with the contractor, the claimant, in a pro-
ceeding to enforce the lien, cannot recover for work done for the owner.

Where the owner, by his answer, puts in issue the performance by the contractor of
the contract with the owner, the claimant, in order to establish his case, must show
affirmatively that the said contract has been so far performed, as that money has
become due on the contract, since the lien was created. (a)

GENERAL TERM, JANUARY, 1853.

THIS was an action against the defendant, (the owner,) un-
der the mechanics' lien law of July, 1851, to recover a sum
claimed to be due to the plaintiff from one Nehemiah Hand,
the contractor. The case was tried in the sixth district court,
where judgment was given for the claimant, and the defend-
ant appealed. The facts relating to the points decided appear
in the opinion.

*Wm. R. Martin* and *Edgar S. Van Winkle,* for the appel-
lant.

*William C. Carpenter,* for the respondent.

BY THE COURT. INGRAHAM, FIRST J. — The notice of the
plaintiff's claim under which the lien was created, was for
work done for one Hand, in pursuance of a contract with him
on the building owned by the defendant.

The particulars of the account furnished are for work done
for Hand.

The contract was for $2,300, when finished, payable in in-
stalments as the work progressed.

The complaint was for work, &c., as per bill of particulars.

(a) See *Miller* v. *Moore,* and *Pendleburg* v. *Mead, post.*

The evidence of the plaintiff is, that only $8 worth of the work was done under the contract, and the rest of the plaintiff's claim was for work done under an agreement with the defendant.

The plaintiff, under that testimony, could only recover for $8. The residue of the claim not being for work done under Hand's contract, cannot be recovered in this suit.

There was no evidence that the contract of Hand with the owner was completed. But the plaintiff's witness, on cross-examination, testified that all of the contract price, except $50 23, had been paid.

It rests with the plaintiff to make out a case to show that he is entitled to recover against the owner. To do this, he must show the work done under the contract, for the contractor, and the performance on the part of the contractor, so as to entitle the latter to a payment under it.

He then makes out a *prima facie* case. If the defendant shows payments in good faith of the amount due on the contract, before filing notice of the claim, the defendant is not liable, unless other payments have since became due.

The plaintiff, in any event, could only have recovered $8 ; and where the defendant directly puts in issue by his answer, that the contract never was fulfilled, the plaintiff, before he could recover that amount, was bound to show that the contract was completed, so that the last payment had become due upon it.

Not having given any proof of that fact, the motion to dismiss the complaint should have been granted.

There are several important questions raised in this case upon the construction of the lien law, which it is unnecessary for us now to decide, as the judgment must be reversed, for the reasons above stated.

Judgment reversed.